# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

STEVEN ERIC GOULD,

Plaintiff,

v.

CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,

Defendants.

Case No. 19-cv-00015-HSG

**ORDER OF SERVICE**

## INTRODUCTION

Plaintiff, an inmate at Folsom State Prison, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed *in forma pauperis* in a separate order. His complaint (Dkt. No. 1) is now before the Court for review under 28 U.S.C. § 1915A.

## DISCUSSION

### A. Standard of Review

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity, or from an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b) (1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not

necessary; the statement need only 'give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Complaint**

According to the complaint, from January 18, 2018 to September 2, 2018, while Plaintiff was housed at Correctional Training Facility ("CTF"), Defendants California Department of Corrections and Rehabilitation ("CDCR"), ABC Ventures LLC, CDCR Secretary Scott Kernan, CTF Warden Craig Koenig, CTF Food Manager Wilbert Tucker, and Food Administrator Laurie Marino knowingly served inmates, including Plaintiff, kosher meals that were either expired, spoiled, out of code, or inedible. Plaintiff alleges that although the meals had labels indicating an expiration date of 2018, the meals were either dated to expire in 2017 or had spoiled before they were packaged and the expiration label was affixed. Dkt. No. 1 at 5–10.

Plaintiff repeatedly notified multiple correctional officials, including Warden Koenig and Food Manager Tucker, of this issue but no action was taken. Plaintiff notified prison staff on a daily basis about this issue, and filed a grievance regarding this issue. Dkt. No. 1 at 5–10.

On May 29, 2018, and on June 22, 2018, Plaintiff notified Food Administrator Mariano by mail about the spoiled kosher meals. He also submitted informal written requests to her regarding the spoiled meals. Food Administrator Marino approved all the foods served to Plaintiff. Food Administrator Mariano also approved the food as kosher despite not being a rabbi. The spoiled meals caused Plaintiff to suffer from food poisoning and also burdened his ability to exercise his

2

religion because the meals were not kosher. Dkt. No. 1 at 5–10.

Plaintiff alleges that Secretary Kernan had knowledge of the issue and failed to take action. Plaintiff further alleges that Secretary Kernan failed to train Warden Koenig on how to read the Julian coding inside and outside the kosher meals kits; and that Secretary Kernan failed to create policies that returned expired meal kits to ABC Ventures LLC and that allowed kosher inmates to exchange their spoiled meals. Dkt. No. 1 at 7–8.

Plaintiff alleges that Defendants' actions violated his rights under the First Amendment, the Eighth Amendment, and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1.

**C.    Legal Claims**

Plaintiff's allegation that he was provided spoiled or otherwise inedible kosher meals that did not comply with kosher requirements states a cognizable claim for violation of the First Amendment's free exercise clause. Inmates "have the right to be provided with food sufficient to sustain them in good health that satisfies the dietary laws of their religion." *McElyea v. Babbitt*, 833 F.2d 196, 197–98 (9th Cir. 1987). Allegations that prison officials refuse to provide a healthy diet conforming to sincere religious beliefs states a cognizable claim under § 1983 for denial of the First Amendment right to free exercise of one's religious practices and beliefs. *See id.*; *see also Ward v. Walsh*, 1 F.3d 873, 876–77 (9th Cir. 1993) (Jewish inmate claiming denial of kosher diet).

Plaintiff's allegation that, for nearly nine months, he was provided meals that caused him food poisoning states a cognizable Eighth Amendment claim. In its prohibition of "cruel and unusual punishment," the Eighth Amendment imposes duties on prison officials, requiring them to provide all prisoners with the basic necessities of life such as food, clothing, shelter, sanitation, medical care and personal safety. *See Farmer v Brennan*, 511 U.S. 825, 832 (1994). The more basic the necessity, the shorter the time it can be withheld. *See Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000).

Plaintiff's allegation that he was provided spoiled or otherwise inedible kosher meals that did not comply with kosher requirements states a cognizable claim for violation of RLUIPA. Section 3 of RLUIPA provides: "No government shall impose a substantial burden on the

3

religious exercise of a person residing in or confined to an institution, as defined in section 1997 [which includes state prisons, state psychiatric hospitals, and local jails], even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc-1(a). However, RLUIPA does not authorize suits against state actors, including prison officials, acting in their individual capacity. *Wood v. Yordy*, 753 F.3d 899, 904 (9th Cir. 2014) (agreeing with other circuits addressing this issue). Claims may only be brought against such defendants in their official or governmental capacity. *Id.* at 904. Accordingly, Plaintiff's RLUIPA claims against Defendants in their individual capacities are DISMISSED with prejudice.

Plaintiff has named the CDCR as a defendant but there are no allegations against the CDCR. The CDCR has no liability based on the mere fact that it employs the alleged wrongdoers because there is no respondeat superior liability in a § 1983 action. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). In addition, the CDCR is a state agency and therefore immune from suit under the Eleventh Amendment. *Brown v. Cal. Dep't of Corrs.*, 554 F.3d 747, 752 (9th Cir. 2009) (California Department of Corrections and California Board of Prison Terms entitled to Eleventh Amendment immunity); *see also Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) (Eleventh Amendment immunity extends to state agencies). The Court therefore DISMISSES the claims against the CDCR.

Plaintiff has stated cognizable claims against ABC Ventures LLC, Warden Koenig, Food Administrator Marino, and Food Manager Tucker because he alleges that they directly caused the constitutional violation by knowingly providing spoiled food. Plaintiff has also stated cognizable claims against CDCR Secretary Kernan as a defendant. *Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 675, 680 (9th Cir. 1984) (supervisory defendant can be held liable if his failure to properly train or supervise personnel caused the alleged deprivation).

**D.     "Claim II"**

Two weeks after filing his complaint, Plaintiff filed a separate pleading titled "Claim II." Dkt. No. 3. This pleading seeks to add additional claims against Defendant Koenig. This is not

4

the proper procedure for amending a complaint. Plaintiff may not amend his complaint in a piecemeal fashion by filing separate documents that are intended to be read together as a single complaint. If Plaintiff wishes to add, omit, or correct information in the operative complaint, he must file an amended complaint that is complete within itself without reference to any earlier filed complaint or to other pleadings. In addition, Plaintiff is advised that pursuant to Rule 20(a)(2) of the Federal Rules of Civil Procedure, persons may be joined in one action as defendants only if (1) the right to relief asserted against them arises out of the same occurrence or series of occurrences, and (2) a question of law or fact common to all defendants arises in the action. Fed. R. Civ. P. 20(a)(2). Plaintiff's "Claim II" alleges actions taken by Defendant Koenig that do not involve the other defendants, and do not arise out of the same transaction as alleged in the complaint, i.e. the spoiled kosher meals provided from January 18, 2018 to September 2, 2018.

## CONCLUSION

1. The Court finds that the complaint has stated the following cognizable claims: a First Amendment free exercise claim and a RLUIPA claim with respect to Plaintiff's allegation that he was provided spoiled or otherwise inedible kosher meals that did not comply with kosher requirements; and an Eighth Amendment claim with respect to Plaintiff's allegation that, for nearly nine months, he was provided meals that caused him food poisoning. Plaintiff's RLUIPA claims against Defendants in their individual capacities are DISMISSED with prejudice. Plaintiff's claims against the CDCR are also DISMISSED with prejudice. The Clerk of the Court is directed to terminate CDCR as a party to this action.

2. The allegations set forth in Claim II (Dkt. No. 3) are not considered part of the operative complaint. If Plaintiff wishes to add, omit, or correct information in the operative complaint, he may file an amended complaint within twenty-eight (28) days of the date of this order. The amended complaint must include the caption and civil case number used in this order, Case No. C 19-00015 HSG (PR) and the words "AMENDED COMPLAINT" on the first page. If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed. Because an amended complaint completely replaces the previous complaints, Plaintiff must include in his amended complaint all the claims he wishes to present, including the

claims which the Court has already found cognizable, and all of the defendants he wishes to sue. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may not incorporate material from the prior complaint or from other pleadings by reference.

Plaintiff is reminded that his allegations should be short and plain, and describe the relief he seeks. Fed. R. Civ. P. 8(a). Unrelated claims against different defendants must be pursued in separate lawsuits. Fed. R. Civ. P. 20(a)(2) (joinder of defendants not permitted unless both commonality and same transaction requirements are satisfied).

Failure to file an amended complaint in accordance with this order in the time provided will result in the initial complaint remaining the operative complaint, and this action proceeding in accordance with this order. The Clerk shall include two copies of a blank complaint form with a copy of this order to Plaintiff.

3. The Clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the complaint with all attachments thereto, and a copy of this order upon defendants CDCR Secretary Scott Kernan, Warden Craig Koenig, Laurie Marino, Wilbert Tucker, and ABC Ventures LLC at Correctional Training Facility, Soledad Prison Road, Soledad, CA 93960. A courtesy copy of the complaint with attachments and this order shall also be mailed to the California Attorney General's Office.

4. In order to expedite the resolution of this case, the Court orders as follows:

a. No later than 91 days from the date this Order is filed, Defendants must file and serve a motion for summary judgment or other dispositive motion, or a motion to stay as indicated above. If Defendants are of the opinion that this case cannot be resolved by summary judgment, Defendants must so inform the Court prior to the date the motion is due. A motion for summary judgment also must be accompanied by a *Rand* notice so that Plaintiff will have fair, timely, and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012) (notice requirement set out in *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment). A motion to dismiss for failure to exhaust available administrative remedies similarly must be accompanied by a *Wyatt* notice. *Stratton v. Buck*, 697 F.3d 1004, 1008 (9th Cir. 2012).

b. Plaintiff's opposition to the summary judgment or other dispositive motion

6

must be filed with the Court and served upon Defendants no later than 28 days from the date the motion is filed. Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment. Plaintiff also must bear in mind the notice and warning regarding motions to dismiss for non-exhaustion provided later in this order as he prepares his opposition to any motion to dismiss.

        c.     Defendants shall file a reply brief no later than 14 days after the date the opposition is filed. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion.

    5.     Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(c), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand v. Rowland*, 154 F.3d 952, 962–63 (9th Cir. 1998) (en banc) (App. A).

Plaintiff also is advised that a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. You must "develop a record" and present it in your opposition in order to dispute any "factual record" presented by Defendants in their motion to dismiss. *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).

(The *Rand* and *Wyatt* notices above do not excuse Defendants' obligation to serve said notices again concurrently with motions to dismiss for failure to exhaust available administrative

7

remedies and motions for summary judgment. *Woods*, 684 F.3d at 939).

6. All communications by Plaintiff with the Court must be served on Defendants' counsel by mailing a true copy of the document to Defendants' counsel. The Court may disregard any document which a party files but fails to send a copy of to his opponent. Until Defendants' counsel has been designated, Plaintiff may mail a true copy of the document directly to Defendants, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that defendant.

7. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

8. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

9. Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

10. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

**IT IS SO ORDERED.**

Dated: 5/9/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge