UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN ERIC GOULD,<br>             Plaintiff,<br>    v.<br>LAURIE MARINO, et al.,<br>             Defendants. | Case No. 19-cv-00015-HSG<br><br>**ORDER DENYING WITHOUT PREJUDICE REQUEST FOR ENTRY OF DEFAULT AGAINST ABC VENTURES LLC**<br><br>Re: Dkt. No. 32 |

Plaintiff filed this *pro se* action pursuant to 42 U.S.C. § 1983 regarding constitutional violations that occurred at Correctional Training Facility ("CTF") in Soledad, California, where he was previously housed. Now pending before the Court is plaintiff's renewed request for entry of default against defendant ABC Ventures LLC. Dkt. No. 32. For the reasons set forth below, plaintiff's request is DENIED without prejudice to renewing once he effects service upon ABC Ventures LLC or demonstrates that he has already effected service upon ABC Ventures LLC.

## DISCUSSION

On June 1, 2020, the Court denied the motion for summary judgment filed by defendants Kernan, Koenig, Marino and Tucker (collectively, the "CDCR Defendants") with respect to plaintiff's Eighth Amendment and First Amendment claims and referred this case to the Pro Se Prisoner Mediation Program. Dkt. No. 31.[1] In that same order, the Court denied plaintiff's request for entry of default judgment against defendant ABC Ventures LLC as follows:

---

[1] The Court's June 1, 2020 order also granted summary judgment in favor of the CDCR Defendants with respect to plaintiff's claims against the CDCR Defendants in their official-capacity and with respect to plaintiff's claims that his rights under the Religious Land Use and Institutionalized Persons Act ("RLUIPA") were violated; and dismissed CDCR Secretary Kernan and CTF Warden Koenig from this action with prejudice. Dkt. No. 31.

> Here, the record is unclear as to whether defendant ABC Ventures LLC has been properly served with the summons and complaint. Pursuant to Fed. R. Civ. P. 4(h), a corporation must be served either in the manner prescribed by Rule 4(e)(1) for serving an individual, or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant. Fed. R. Civ. P. 4(h). According to the executed summons filed with the Court, the United States Marshal served defendant ABC Ventures LLC by personally serving, on May 15, 2018, Adam Clingerman, whom the United States Marshal identifies as the owner of ABC Ventures LLC. Dkt. No. 28 at 5. The Court cannot determine from the record whether the manner of service of the summons complies with the requirements set forth in Fed. R. Civ. P. 4(h). For example, it is unclear if Mr. Clingerman is an officer or agent authorized to receive service of process.
>
> Because it is unclear if ABC Ventures LLC has been served, it is therefore also unclear if entry of default against defendant ABC Ventures LLC is warranted. The Court therefore DENIES plaintiff's request for entry of default judgment against defendant ABC Ventures LLC.
>
> Absent a showing of "good cause," if a defendant is not served within 90 days after the complaint is filed, the action is subject to dismissal without prejudice as to that defendant. *See* Fed. R. Civ. P. 4(m). Although a plaintiff proceeding *in forma pauperis* may rely on service by the Marshal, it is ultimately the plaintiff's responsibility to provide the Marshal with the correct information to effect service. *See, e.g., Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987). Accordingly, the Court orders as follows: within sixty (60) days of the date of this order, plaintiff shall either (1) file a motion for entry of default against ABC Ventures LLC with the Court, explaining how he has effected service on ABC Ventures LLC, or (2) submit to the Court sufficient information such that the Marshal is able to effect service. [FN 2] Failure to comply with this deadline will result in the dismissal of ABC Ventures LLC from this action without prejudice.
>
> > FN 2: On May 29, 2019, Mr. Clingerman sent a letter to this Court, which was docketed at Dkt. No. 11, asking that the case be dismissed as to ABC Ventures LLC because the allegations were inaccurate, the meals provided complied with the contract specifications, and ABC Ventures LLC was no longer with the CDCR. *See* Dkt. No. 11. It does not appear that plaintiff received a copy of Mr. Clingerman's letter. The Court will serve plaintiff with a copy of Dkt. No. 11 under separate cover.

Dkt. No. 31 at 3-4.

In his renewed request for entry of default, plaintiff argues that entry of default is appropriate because (1) the summons was returned executed by ABC Ventures LLC on May 15, 2019, and filed with the Court on December 27, 2019; (2) ABC Ventures LLC filed a letter with the Court on June 3, 2019; and (3) ABC Ventures LLC failed to answer the summons within the time provided by Fed. R. Civ. P. 12. Dkt. No. 32 at 3-4. Plaintiff argues that because Mr. Clingerman identified himself as the owner of ABC Ventures LLC, he "should be attached to the default judgment through imputed liability and for vicarious liability." Dkt. No. 32 at 5. Plaintiff further argues that ABC Ventures LLC has been in default since May 30, 2019 because the

2

1  summons was issued on May 9, 2019 and required a response within 21 days.  Dkt. No. 32 at 4.

2        Plaintiff has not established that the manner of service of the summons complied with the
3  requirements set forth in Fed. R. Civ. P. 4(h).  For a court to exercise jurisdiction over a defendant,
4  whether an individual or corporation, the plaintiff must first serve the defendant in accordance
5  with Fed. R. Civ. P. 4.  *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986) ("A federal court is
6  without jurisdiction over a defendant unless the defendant has been served in accordance with Fed.
7  R. Civ. P. 4. . . .  neither actual notice nor simply naming the defendant in the complaint will
8  provide personal jurisdiction without substantial compliance with Rule 4.") (internal quotations
9  marks and citation omitted).   Fed. R. Civ. P. 4(h) requires that a corporation be served either in
10 the manner prescribed by Rule 4(e)(1) for serving an individual, or by delivering a copy of the
11 summons and of the complaint to an officer, a managing or general agent, or any other agent
12 authorized by appointment or by law to receive service of process and—if the agent is one
13 authorized by statute and the statute so requires—by also mailing a copy of each to the defendant.
14 Fed. R. Civ. P. 4(h).  The Court cannot determine from the record whether the manner of service
15 of the summons complies with the requirements set forth in Fed. R. Civ. P. 4(h).  For example, it
16 is unclear if Mr. Clingerman is an officer or agent authorized to receive service of process.

17       Neither the executed summons filed with the Court on December 27, 2019, nor the letter
18 from ABC Ventures LLC filed with the Court on June 3, 2019, establish that ABC Ventures LLC
19 has been served in accordance with the requirements set forth in Fed. R. Civ. P. 4(h).  The
20 executed summons merely establishes that, on May 15, 2018, the United States Marshal
21 personally served the summons on Adam Clingerman, and that the United States Marshal
22 identified Adam Clingerman as the owner of ABC Ventures LLC.  The letter filed on June 3, 2019
23 from ABC Ventures LLC establishes that ABC Ventures LLC received a copy of the complaint.
24 *See generally* Dkt. No. 11.  Default judgment cannot be attached to a defendant through imputed
25 or vicarious liability.  Service must be in accordance with the Federal Rules of Civil Procedure.
26 Finally, the time limits set forth in the summons do not apply to ABC Ventures LLC until it is
27 served in accordance with Fed. R. Civ. P. 4.

28       Because plaintiff has not demonstrated that he has effected service of process on ABC

Ventures LLC in accordance with the applicable law, the Court DENIES his request for entry of default with respect to ABC Ventures LLC without prejudice to renewing once he effects service upon ABC Ventures LLC or demonstrates that he has already effected service upon ABC Ventures LLC.

Plaintiff has also requested that the Court deny defendant a "certificate of appeal (C.O.A)" and direct the United States Marshal to serve on ABC Ventures LLC a copy of his renewed request for entry of default at ABC Ventures LLC, c/o Owner, Adam B. Clingerman, 2411 Old Crow Canyon Rd., Suite 170, San Ramon CA 94583. Dkt. No. 32 at 5, 7. Plaintiff's request that the Court deny defendant a certificate of appealability is DENIED as moot. No defendant has requested a certificate of appealability and a certificate of appealability is not applicable in civil rights cases. Plaintiff's request that the United States Marshal serve on ABC Ventures LLC a copy of his renewed request for entry of default is DENIED. Serving a copy of the renewed request for entry of default would not effect service.

## CONCLUSION

For the reasons set forth above, the Court DENIES plaintiff's request that the Court enter default against ABC Ventures LLC without prejudice to renewing once he effects service upon ABC Ventures LLC or demonstrates that he has already effected service upon ABC Ventures LLC. The Court DENIES as moot plaintiff's request that the Court deny defendant a certificate of appealability. The Court DENIES plaintiff's request that the United States Marshal serve on ABC Ventures LLC a copy of his renewed request for entry of default. Dkt. No. 32.

This order terminates Dkt. No. 32.

**IT IS SO ORDERED.**

Dated: 7/2/2020

HAYWOOD S. GILLIAM, JR.
United States District Judge