UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN ERIC GOULD,<br>　　　　Plaintiff,<br>　v.<br>LAURIE MARINO, et al.,<br>　　　　Defendants. | Case No. 19-cv-00015-HSG<br><br>**ORDER DENYING REQUEST TO ENFORCE SETTLEMENT AGREEMENT**<br><br>Re: Dkt. No. 49 |

　　　　Plaintiff, an inmate at the Clark County Detention Center, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. On April 27, 2021, the parties filed a joint stipulation for voluntary dismissal stating that they had resolved the case in its entirety and stipulating to a dismissal of this action with prejudice under Fed. R. Civ. P. 41(a)(1)(A)(ii). Dkt. No. 45. Pursuant to this stipulation, the Court closed this case. Dkt. No. 46. The parties did not request that the Court retain jurisdiction to enforce the settlement agreement. Dkt. No. 45.

　　　　Now pending before the Court is Plaintiff's motion requesting that the Court enforce the settlement agreement. Dkt. No. 49. He states that he has not received payment as of September 22, 2021, which is 181 days after the settlement was agreed to on March 25, 2021.[1] Plaintiff's request is DENIED as premature. The settlement agreement was executed on June 8, 2021, Dkt. No. 50-1 at 2, so the 180-day deadline has not yet passed.

　　　　In addition, the Court lacks jurisdiction to enforce the settlement agreement. After dismissal of a suit pursuant to settlement, unless the district court has specifically retained jurisdiction, a district court lacks authority to decide any dispute arising from a settlement

---

[1] Plaintiff also alleges that he is the victim of kidnapping and/or human trafficking by the state of Nevada. This allegation is unrelated to this action, and the Court will not address this claim.

agreement, e.g., a motion to enforce the agreement. A district court retains jurisdiction over a settlement agreement only if (1) the order specifically states that the court retains jurisdiction, *or* (2) the court embodies the agreement in its dismissal order. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381-82 (1994). The joint stipulation did not require the Court to retain jurisdiction over the settlement agreement, and the Court did not issue a dismissal order embodying the agreement. The Court therefore lacks jurisdiction to enforce the settlement agreement.

The Court DENIES Plaintiff's request for enforcement of the settlement agreement as premature and for lack of jurisdiction.

The Court notes that Plaintiff filed a motion to enforce the day after he believed that the deadline had passed. Plaintiff is encouraged to contact Defendants' counsel directly to attempt to resolve these issues prior to filing a motion with the Court.

This order terminates Dkt. No. 49.

**IT IS SO ORDERED.**

Dated: 10/14/2021

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge